UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE YOCOM; DUC HUA YOCOM,<br><br>            Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>            Defendants. | Case No.: 22CV0839 JO (BLM)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LIMITED DISCOVERY**<br><br>**ECF No. 32** |

Currently before the Court is Plaintiffs' Motion for Limited Discovery seeking leave to take the depositions of Plaintiff's former spouse and a U.S. Citizenship and Immigration Services ("USCIS") officer. Mot., ECF No. 32. Defendants have filed an Opposition ("Oppo.") to which Plaintiffs have filed a Reply ("Reply"). ECF Nos. 38, 39.

**Procedural Background**

Plaintiffs David Lee Yocom ("David") and Duc Hua Yocom ("Duc") filed this action on June 8, 2022 alleging constitutional violations of procedural due process and the Administrative Procedure Act ("APA") arising from the denial of David's Petition for Alien Relative (Form I-130). ECF No. 1. Defendants, USCIS, moved to dismiss Plaintiffs' due process claim which was granted by the District Court. ECF Nos. 4, 11. The District Court also sua sponte dismissed Plaintiffs'

APA claim and denied leave to amend the Complaint. ECF No. 11. Plaintiffs appealed and the Ninth Circuit Court of Appeals reversed a portion of the District Court's dismissal order allowing both claims to survive if Plaintiffs adequately amended their pleading to include details of the alleged "coercive behavior" directed towards Duc's former spouse which could support a claim of a procedural due process violation. ECF No. 18 at 8, Yocom, et. al. v. U.S. Citizenship and Immigration Services, et al., 2024 WL 2206342 (9th Cir. May 16, 2024). The Ninth Circuit remanded the matter back to the District Court to allow Plaintiffs to file an amended pleading and to develop the factual record before proceeding to summary judgment. See id. On August 12, 2024, District Judge Roger Benitez recused from this action and the matter was reassigned to United States District Judge Jinsook Ohta. ECF No. 20.

Following the remand, Plaintiffs filed a First Amended Complaint ("FAC") on August 30, 2024. ECF No. 23. In the FAC, Plaintiffs added allegations regarding the alleged coercion of Duc's former spouse during the USCIS interview. Id. Defendants filed their Answer on September 20, 2024. ECF No. 24. On December 20, 2024, District Judge Ohta directed the parties to contact this Court to set a briefing schedule for a motion for limited discovery and for Defendants to file the Administrative Record. ECF No. 27. Defendants filed the Certified Administrative Record ("CAR") on February 18, 2025. ECF No. 36.

## Relevant Factual Allegations

Duc entered the United States in December 2010 on an F-1 nonimmigrant visa and began attending community college in San Diego in April 2011. FAC at 6. After moving to San Diego, Duc began dating a woman named T.L. and they were married in September 2012. Id. at 7. Duc alleges that he married T.L. due to familial pressure to hide his homosexuality because it was considered unacceptable in his family, as well as in Vietnamese culture. Id.

In February 2013, T.L. filed a Form I-130 on behalf of Duc and she submitted proof in support of their marriage in the form of joint tax returns, bank accounts, credit card accounts, car ownership, and photographs. Id. at 8. Duc filed a Form I-485, "Application to Register Permanent Residence or Adjust Status" based on the Form I-130. Id. Duc and T.L. appeared for an interview at USCIS's Field Office in San Diego in June 2013. Id. During this interview,

T.L. withdrew the I-130 petition after an officer allegedly intimidated T.L. and questioned the legitimacy of their marriage and suggested that Duc was gay. Id. at 8-9. This officer allegedly coerced T.L. and Duc into signing statements claiming their marriage was not legitimate and they only entered into the marriage in order for Duc to obtain a green card. Id. at 9.

T.L. signed a sworn statement stating:

> "[W]e are friends, we have never been intimate together. We have never lived together. We got married only to help him get a green card. I receive no money yet, but he is gonna take me out later and pay. Nobody else know about this."

Id.

This statement also stated that T.L. notified USCIS that on June 5, 2013 she wanted to withdraw the visa petition for Duc. Id. One week later, USCIS denied Duc's adjustment of status application. Id. at 10. In February 2014, Department of Homeland Security ("DHS") charged Duc with "removability under 8 U.S.C. § 1227(a)(1)(A), INA § 237(a)(A)" because they found that he "sought to procure a visa by fraud or willful misrepresentation of a material fact." Id. Duc and T.L. divorced in May 2014 and his removal proceedings were administratively closed in March 2015. Id. Duc married David in May 2016 and David filed a Form I-130 on Duc's behalf in November 2016. Id. at 10-11.

### **Plaintiffs' Position**

Plaintiffs seek an order granting them permission to depose Duc's former spouse, T.L., and USCIS Officer Monique Bach regarding the "circumstances of the interview at USCIS's San Diego Field Office in June 2013, including whether Officer Bach's actions created a coercive environment and T.L. and Duc felt pressured to sign the statements that Officer Bach drafted." Mot. at 2. Plaintiffs acknowledge that "[e]xtra-record evidence is generally limited for APA cases." Id. at 9 (citing Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971)). However, they argue they should be permitted this limited discovery because their constitutional due process claim is distinct from their APA claim and the requested discovery is necessary to fully develop the record regarding the alleged violation of their procedural due process rights. Id. at 10-12 (citing Ching v. Mayorkas, 725 F.3d 1149 (9th Cir. 2013)). Specifically, Plaintiffs

assert that in order to meet their burden of proof as to the constitutional claim, they must obtain additional facts and evidence not contained in the CAR. Id. Plaintiffs maintain that the evidence of coercion is not contained in the CAR and it is critical to the constitutional claim because it impacts the reliability of the statements used to deny the visa petition. Id.

**Defendants' Position**

Defendants oppose this motion on the grounds that judicial review under the APA is limited to the administrative record and the constitutional claim is "redundant" of the APA claim. Oppo. at 6-7. Defendants assert that the claims are "different theories of the same challenge" as both challenge the reliability of the statements made by Duc's former spouse. Id. When a court is reviewing a final agency action under the APA, the entire case is decided on the review of the administrative record and "extra-record" evidence is only permitted under limited exceptions. Id. at 5 (citing Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005) (citation omitted)). Defendants argue that there are no facts in this case that would support finding an exception to allow additional discovery outside the administrative record. Defendants further assert that the relief Plaintiffs seek under both the APA and the constitutional claim is the same. Defendants maintain that the administrative record is "complete and contradicts Plaintiffs' allegations of coercion" and it is therefore unnecessary to conduct further discovery with regard to the claims of coercion. Id. at 9-10.

**Discussion**

Initially, the Court must determine whether the law permits discovery outside the administrative record in cases involving both judicial review under the APA and related constitutional challenges. In Sierra Club v. Trump, 929 F.3d 670, 699 (9th Cir. 2019), the Ninth Circuit found that "claims challenging agency actions – particularly constitutional claims – may exist wholly apart from the APA." Subsequently, a district court expanded the Sierra Club decision and held that "if plaintiffs have a constitutional claim that exists outside of the APA, then the APA's administrative record does not govern the availability of discovery." California v. United States Dep't of Homeland Security 612 F.Supp.3d 875, 895 (N.D. Cal. Apr. 1, 2020)). In reaching this decision, the California court acknowledged that a "few district courts faced with

both APA and constitutional claims determined that the constitutional claims 'fundamentally overlap' with the APA claims and thus discovery was unnecessary" but explained that "district courts have struggled to coalesce around a categorial rule" and "[m]ost courts decline to draw a bright line or categorical rule and instead examine the particular facts of the claims involved and the discovery requested." Id. at 897 (citations omitted). This Court, like the court in California, finds the fact and case specific approach to be the appropriate one and will apply it here.

Defendants argue that Plaintiffs' claims "fundamentally overlap" as they both challenge the reliability of T.L.'s and Duc's statements made during the initial hearing and both seek the same remedy. Oppo. at 7. Plaintiffs disagree, citing to the Ninth Circuit's decision in the instant dispute, and asserting that their due process claim challenges the USCIS and Board of Immigration Appeals' ("BIA") "reliance on unreliable evidence . . . without the added procedural safeguards of Ching v. Mayorkas, 725 F.3d. 1149 (9th Cir. 2013)" whereas the APA claim "challenges those agencies' failure to adhere to procedural requirements—applying an incorrect legal standard and overlooking evidence and arguments." Reply at 2. Plaintiffs succinctly summarize the difference as "while the due process claim asserts that the Constitution required the agencies to give David more process, the APA claim asserts that the agencies did not adhere even to the established procedural requirements." Id.

After carefully considering the First Amended Complaint and the Ninth Circuit's decision in this case, the Court finds that the alleged APA and due process claims do not "fundamentally overlap" but rather involve "meaningful" differences. The Court also finds that the requested discovery, depositions of the two participants in the challenged hearing regarding the alleged coercion, is limited in scope and directed toward the evidence required for the constitutional claim. Accordingly, the Court finds that this analysis favors granting Plaintiffs' motion. See Rueda Vidal v. U.S. Dep't of Homeland Sec., 536 F.Supp.3d 604, 612 (C.D. Cal. 2021) ("Where 'plaintiffs have a constitutional claim that exists outside of the APA, then the APA's administrative record requirement does not govern the availability of discovery,' and by extension, to consideration of other extra-record evidence.") (quoting California, 612 F.Supp.3d at 895).

As mentioned above, the Court also finds that allowing the additional, limited discovery is consistent with the Ninth Circuit's opinion in this matter. The Ninth Circuit held that Plaintiffs should have been permitted to amend their complaint to correct the deficiencies in the pleading of their procedural due process claim. Yocom, 2024 WL 2206342, at *3. The Ninth Circuit found that if the complaint was amended to include "allegations that would show a risk of an erroneous deprivation or probable value of additional procedural safeguards, the Plaintiffs' due process claim would move beyond the motion-to-dismiss stage for a factual record to be developed." Id. (emphasis added). The Ninth Circuit further stated that if the factual record was further developed, the parties could move "for summary judgment based on the factual record." Id. The analysis by the Ninth Circuit suggests that the court did not consider the constitutional claim to be merely "redundant" of the APA claim and that additional discovery may be necessary to develop the factual record. This analysis also supports granting Plaintiffs' motion.

The Court also finds that the Ninth Circuit's decision in Ching weighs in favor of allowing limited discovery. In Ching, the Ninth Circuit recognized that the denial of an I-130 petition implicates due process rights because the decision is nondiscretionary once the statutory requirements are met. Id., 725 F.3d at 1156. The plaintiffs in Ching were found to be prejudiced because they were not afforded the "opportunity for cross-examination" in the "face of contradictory documents and affidavits." Id. The Ninth Circuit held that due process requires a hearing where the petitioner can confront witnesses who may or may not have provided false testimony. Id. at 1159. Similarly here, Plaintiffs argue that the statements made by T.L. and Duc during the USCIS interview were coerced, and thus unreliable. They argue that they were never provided the opportunity to cross-examine T.L. or the officer. Defendants disagree and argue that Ching is distinguishable from this case because "Duc was present when T.L. made her statement and had the opportunity to participate and rebut what she stated." Oppo. at 10, fn. 4. In other words, according to Defendants, Duc failed to cross-examine T.L. at the time she was giving her statement and he is now foreclosed from seeking that relief. The Court disagrees with Defendants' conclusion that Duc's failure to act during the interview precludes

Plaintiffs from developing the record regarding the alleged constitutional violation.[1]

Finally, Defendants argue that after the Supreme Court's decision in Department of State v. Munoz, which was decided while this matter was on appeal before the Ninth Circuit, "Plaintiffs have only a limited interest at stake as Plaintiffs' have no protected interest in residing in the United States." Oppo. at 8-9 (citing Department of State v. Munoz, 602 U.S. 899, 904 (2024). In Munoz, the Supreme Court found that the denial of a consular visa for the noncitizen spouse did not violate the citizen spouse's right to procedural due process. Munoz, 602 U.S. at 917 (Even where a citizen spouse suffers harm from the denial of their noncitizen spouse's consular visa application, that "harm does not give [them] a constitutional right to participate in [the noncitizen spouse's] consular process."). The Court notes that the immigration status of the parties in Munoz was significantly different from the immigration status of the parties in this case and that the Ninth Circuit has recognized that that a citizen petitioner, such as David, has a constitutionally protected interest in the grant of an I-130 petition because approval is nondiscretionary if statutory requirements are met. Ching, 725 F.3d at 1156. However, the Court finds that it need not resolve this issue at this time as it does not impact the discovery issue pending before this Court.

For the reasons set forth above, and after a careful consideration of the relevant facts, alleged violations, requested discovery, and legal authority, the Court **GRANTS** Plaintiffs' Motion for Limited Discovery. Plaintiffs are permitted to depose T.L. and USCIS Officer Monique Bach regarding the "circumstances of the interview at USCIS's San Diego Field Office in June 2013, including whether Officer Bach's actions created a coercive environment and T.L. and Duc felt

///
///

---

[1] Defendants also argue, without citation to authority, that Plaintiffs' request for discovery should be denied because Plaintiffs did not submit a declaration from T.L. disavowing her statement or indicating that she felt coerced. Oppo. at 11. The Court notes that this testimony is precisely what Plaintiffs are attempting to obtain with the instant motion and their failure to do so ahead of time does not negate the basis for the Court's Order.

pressured to sign the statements that Officer Bach drafted." Each deposition may last no longer than two hours. Both depositions must be completed by May 23, 2025.

**IT IS SO ORDERED.**

Dated: 3/21/2025

Hon. Barbara L. Major
United States Magistrate Judge